**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| REINIER ANGULO,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WORKHORSE GROUP, INC.,<br>UTILIMASTER CORPORATION, and<br>THE SHYFT GROUP USA, INC.,<br><br>　　　　　Defendants.<br>_____/ | Case No.<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA UNDER 28 U.S.C. § 1441** |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and § 1441(b), Defendants Utilimaster Corporation and The Shyft Group USA, Inc. ("Shyft"),[1] contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida. The removal is based on the following grounds.

**JURISDICTION AND VENUE ARE PROPER**

1.　This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Shyft pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1446(b).

---

[1] Utilimaster Corporation merged with The Shyft Group USA, Inc. on December 22, 2015 with The Shyft Group USA, Inc. remaining as the surviving entity.

1

2. The 11th Judicial Circuit in and for Miami-Dade County, Florida is located in the Southern District of Florida – Miami Division. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84, because this is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the 11th Judicial Circuit in and for Miami-Dade County.

PLEADINGS, PROCESS AND ORDERS

3. On July 8, 2022, Plaintiff Reinier Angulo (hereinafter referred to as "Plaintiff") commenced the above-entitled civil action in the 11th Judicial Circuit in and for Miami-Dade County by filing a Complaint therein entitled *Reinier Angulo v. Workhorse Group, Inc., et. al.*, Case No. 2022-012677-CA-01. True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as Exhibit "A":

    a. Summons to The Shyft Group USA, Inc.;

    b. Complaint;

    c. Civil Case Cover Sheet;

4. Shyft was served with a copy of the Summons and Complaint on July 18, 2022 and Shyft did not file any responsive pleadings or motions in the 11th Judicial Circuit in and for Miami-Dade County which are due on or before August 8, 2022. Instead, Shyft filed this timely Notice of Removal and will file responsive pleadings within the time allotted by the Federal Rules of Civil Procedure.

DIVERSITY

Citizenship

5. This action is one that may be removed to this Court by Shyft pursuant to 28 U.S.C. § 1441(b), as the action is between citizens of different states wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. "For federal diversity jurisdiction to attach, all parties must be completely diverse, and the amount in controversy must exceed $75,000." *Underwriters at Lloyd's v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). For a natural person, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citations and internal quotation marks omitted).

6. Further, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the place where a corporation's board and high-level officers direct, control and coordinate its activities, often referred to as the corporate "nerve center." *Hertz Corp. v. Friend*, 559 US 77, 80-81 (2010). The "nerve center" is the corporate headquarters, "provided that the headquarters is the actual center of direction, control, and coordination, … and not simply an office where the corporation holds its board meetings." *Id.* at 91.

7. Plaintiff is a resident and citizen of the State of Florida. See, Exhibit A, Complaint, ¶ 1.

8. Upon information and belief, Defendant Workhorse Group, Inc. is incorporated under the laws of the State of Nevada, with its principal place of business in Sharonville, Ohio. For diversity purposes, Defendant Workhorse Group, Inc. is a citizen of either Nevada or Ohio.

9. Defendant Utilimaster Corporation no longer exists as a corporate entity as of December 22, 2015 when it merged with Defendant The Shyft Group USA, Inc. For diversity purposes, Defendant Utilimaster Corporation is a citizen of the state(s) where The Shyft Group USA, Inc. is a citizen.

10. Defendant The Shyft Group USA, Inc. is incorporated under the laws of the State of South Dakota, with its principal place of business in Novi, Michigan. For diversity purposes, Defendant The Shyft Group USA, Inc. is a citizen of either South Dakota or Michigan.

11. Thus, complete diversity of citizenship exists as between Plaintiff and all Defendants.

## AMOUNT IN CONTROVERSY

12. Plaintiff's Civil Cover Sheet filed in the 11th Circuit Court for Miami-Dade County alleges the "amount of claim" to be "over $100,000.00." Exhibit A, Civil Cover Sheet, Section II.

13. Further, Plaintiff's requested relief in the Complaint includes "money damages, costs, interest, and attorney's fees as allowed by law as compensation for past and future pain and suffering, psychological injuries, disability, handicap, inconvenience, loss of capacity for the enjoyment of life, loss of past and future earnings, loss of earning capacity in the future, diminished earning capacity in the future, aggravation of pre-existing conditions, and all other elements of damages allowed by law." Exhibit A, Complaint, ¶ 23, 30, 40, 44, 48, 55, 62, 72, 76, 80, 87, 94, 104, 108, 112.

14. The Eleventh Circuit expressly adopted the rule followed in numerous Federal Circuits that, "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Company Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

15. Plaintiff's Complaint sets forth 15 Counts against the Defendants alleging causes of action for strict product liability for either failure to warn or defective design and various allegations of negligence; See Exhibit A. Plaintiff alleges that he was personally injured and damaged, while he operated a 2010 Workhorse W62 truck that was involved in a crash on FL-924 while traveling approximately 50-55 MPH where he suffered "second and third degree burns across his entire body." See Exhibit A, Complaint, ¶ 3, 15. Based on the alleged damages – serious personal injury including burn injuries – and in the event that all of Defendants' defenses fail, the amount in controversy exceeds $75,000, exclusive of costs, expenses and attorney fees.

## TIMELINESS OF REMOVAL

16. This Notice of Removal is timely filed within thirty (30) days after Plaintiff's service of the Summons and Complaint on July 18, 2022. 28 U.S.C. §1446(b).

17. Shyft hereby removes this action from the 11th Judicial Circuit for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

Dated: August 8, 2022                                         **BOWMAN AND BROOKE LLP**

                                                              *s/Robert J. Rudock*
                                                              Robert J. Rudock
                                                              Florida Bar No. 365157

          Two Alhambra Plaza, Suite 800
          Coral Gables, FL  33134-5214
          Tel: (305) 995-5600/Fax: (305) 995-6100
          Bob.Rudock@bowmanandbrooke.com
          Attorneys for The Shyft Group USA, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and electronically mailed to:  Thomas Scolaro, Esq. and Adam T. Rose, Esq., at scolaro@leesfield.com, and rose@leesfield.com, Attorneys for the Plaintiff.

          */sRobert J. Rudock*
          Robert J. Rudock